IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

      Plaintiff,                     No. CIV S-11-0511 MCE DAD PS

    vs.

RONALD FOSTER, TERESA ANN
FOSTER, and Does 1-50, inclusive,

      Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        On February 23, 2011, Tanya Jackson, proceeding pro se, filed an application to proceed in forma pauperis along with a notice of removal of an unlawful detainer action from Nevada County Superior Court. Ms. Jackson identifies herself as a tenant residing in the property at issue in the unlawful detainer action.

        Exhibits to the Notice of Removal show that plaintiff's Notice to Vacate Premises dated August 23, 2010, is addressed to Ronald Foster, Teresa Ann Foster, and "all others in possession" of the premises located at 12740 Lake Wildwood Dr., Penn Valley, CA 95946. (Notice of Removal (Doc. No. 1) at 21.) In plaintiff's Verified Complaint for Unlawful Detainer filed in Nevada County Superior Court on September 22, 2010, plaintiff sued Ronald Foster and Teresa Ann Foster, who are the previous owners of the property, and other residents of the

1

property, identified as Does 1-50. (Id. at 11-12, 18.) Other exhibits attached to the Notice of Removal include an unfiled copy of a motion by Tanya Jackson to substitute in as defendant in place of Ronald Foster and Teresa Ann Foster on the ground that she is the only party in the household, along with her family, as well as an unfiled copy of a demurrer to complaint by Tanya Jackson. (Id. at 28-36.) There is no evidence that the latter documents were filed in the Nevada County Superior Court or that, if filed, the motion was granted by the state court.

For the purpose of addressing the notice of removal filed by Tanya Jackson in this federal court, the undersigned will assume that the state court permitted Ms. Jackson to substitute in as defendant in place of named defendants Ronald Foster and Teresa Ann Foster. On that basis, the undersigned will refer to Ms. Jackson as defendant.

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant alleges that she is "entitled to removal" based on federal question jurisdiction. She "strongly believes she has been discriminated [sic] and that Plaintiff has violated federal law" because "[t]hey have failed to provide the defendant with a 90 day notice to quit, by federal law passed in 2009." (Doc. No. 1 at 2.) Defendant argues that "[t]he complaint

1  clearly points out that the recovery for possession is based on a foreclosure and it raises questions
2  as to what rights tenants have because of the effect of the foreclosure." (Id. at 2-3.)
3         The exhibits to the notice of removal show that plaintiff's action is nothing more
4  than a garden-variety unlawful detainer action brought pursuant to state statutes. (Id. at 11-14.)
5  The action, filed against residents of real property located in California, based wholly on
6  California law, does not present a "claim or right arising under the Constitution, treaties or laws
7  of the United States" that would have permitted plaintiff to file the action originally in federal
8  court. 28 U.S.C. § 1441(b). The mere fact that plaintiff seeks to recover possession of property
9  after a foreclosure does not in itself raise any federal question. Defendant's allegations of
10 discrimination and non-compliance with proper procedure under a federal statute are defenses
11 and are not inherent in plaintiff's claims. Defendant has thus failed to meet her burden of
12 establishing federal jurisdiction, and the action should therefore be remanded.
13         Accordingly, IT IS HEREBY RECOMMENDED that:
14         1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied; and
15         2. This action be summarily remanded to the Superior Court of California,
16 County of Nevada and this case be closed.
17         These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
19 days after being served with these findings and recommendations, defendant may file any written
20 objections with the court. A document presenting objections should be titled "Objections to
21 Magistrate Judge's Findings and Recommendations."
22 DATED: May 10, 2011.

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\FNMA-jackson0511.f&r.remand.ud